Mr. Berman, can I just ask you, did you switch firms, because your brief has the front firm and now you have the back itself. I did, in February. And just, which firm would you expect or want to see on the opinion? I say that because you have no idea that we could get. I'm sure. We could get something like that raw or even made raw. I guess my preference would be for my current firm. Current firm. So the appearance that was listed was just you, not the firm. Right. That's why. Thank you, Your Honor, for asking. My name is Mark Berman. I represent the petitioner appellant, Barry Gibbs. I'd like to reserve four minutes for rebuttal. Great. Your Honor, I represent, for the most part, criminal defendants like Barry Gibbs. And it is, in fact, an awesome responsibility, because I know that if I make a mistake, if I fail to object, if I miss a deadline, if I disregard or misinterpret a federal court order, if I overreach in anything I do or say, that under our system of justice, the price is paid by the defendant and the currency of exchange in criminal cases is the defendant's liberty. The question on this appeal, this second appeal. So out of an abundance of caution, you'll raise the issue as soon as possible, even if you may be premature in doing so? Is that implicitly what you're getting at here? No. What I was getting at is that the question is whether those same rules and consequences apply not only to individual defendants but to government. Let me reach what I'm getting at initially, because I'm not clear about something rather basic, and that is, what have you brought us? Is this effectively a Mickens-Thomas review of how the previous grant of a certificate of appealability was executed and whether or not the state court adhered to the directive of this court and ultimately the directive of the district court? Or is this appeal one that we should construe, as our case is permitted to, the notice of appeal as a request for a certificate of appealability? In essence, a new COA and a new habeas action, because I'm not really clear on that, as you have framed the issues from the outset in your blue brief, and how that question is resolved, it seems to me anyway, ought to have important ramifications for just how much we're reviewing here and how much we can do. Have I made my question clear enough, or is it rambling? I believe I understand the question, and my answer is that I don't believe that those two alternatives are mutually exclusive. My involvement in this case, and the way I presented it once it got remanded to the district court back to the state courts, has been to enforce, or to ensure, that the state courts and later the district court had effected the mandate of this court and the order of the district court that Mr. Gibbs be retried within 120 days. No, we didn't order that. I thought we ordered the district court to set the time, and the district court set 120 days. If I'm spoken, that wasn't my intention. What I meant to say was to enforce this court's mandate and to ensure that We ordered within a specified time period. Right, and the district court then ordered to interpret that as 120 days. And then the district court would set the period in the first place and relax the time. I'm sorry, I didn't hear the last part. The district court set the period of 120 days, and it was missed, and then the district court would set the period and relax the time. The district court relaxed the time, if that's how the court would like to characterize it, and this goes back to Judge Smith's answer to that question, after I filed a motion to enforce this court's mandate and the district court's original mandate. Let's get right down to it. How were you prejudiced at the trial in the state court by the delay in the trial on the retrial that was ordered as a result of our opinion in the first case? Did a witness die? In other words, what was the prejudice that you suffered? Because I don't see where there isn't one. Trial number three. Yeah, the last trial. Sure. So, you filed an appeal from that, and the Superior Court has affirmed on the convention. Well, I haven't, but the defendant did. By the way, what's the status of that now? Is it out of court or what? There's a petition to the—I'm not sure how the procedure works, but there's a petition to the Pennsylvania Supreme Court. Now, at that trial, how was the client prejudiced as to the conviction that he would not have suffered had the 120-day deadline been met? Well, in several critical ways, the most significant being that Dr. Turchetti's testimony was introduced at trial in violation of— What had to do with the fact that a time period wasn't met? Because at the time of—within the 120 days, the Commonwealth of Pennsylvania didn't have Dr. Turchetti available to testify. He was elderly and incapacitated in Florida and wasn't capable of— The Commonwealth didn't ask for the continuance. Your client did. No, my client actually objected to the continuance. His attorneys did, which goes back to my— So, you're saying you were prejudiced because there was more evidence available? Well, I didn't finish my answer. First is, does Dr. Turchetti's testimony, which would not have been available within the 120 days— Second, there were three pieces of evidence that the Commonwealth did not have in its possession within the 120 days, and they're listed in my brief. The first is that a defense witness at the first two trials was persuaded to recant her testimony after the 120 days had expired, and there were two additional witnesses that the Commonwealth only discovered after the 120 days who then testified at trial. If the trial had taken place within the 120 days, the jury would not have heard Dr. Turchetti's testimony, putting to a side whether that violated or did not violate this court's ordering. Is it not correct that notwithstanding this evidence that the Commonwealth, as you relate, was able to adduce at trial number three, the Commonwealth did not at any point ask for a continuance beyond the 120-day retrial period? Well, the answer is yes, but— It's either in the record or it's not. The answer is yes, but the Commonwealth's position in that respect was disingenuous, as it's easy for me to stand up, go in court and say I'm prepared to try the case. The question that the district court asked was the wrong one. The question is—because this court's order, Gibbs v. Frank, wasn't directed at the defendant. It was directed at the Commonwealth, and what it said was, you have to retry Barry Gibbs within 120 days. That is not—if that is what you are reading as the literal import of the order, it is completely unrealistic. The Commonwealth is the prosecution. The Commonwealth can do no more than appear and stand ready for trial and state, as I understand the condition of this record to clearly suggest, was ready to go to trial. And the defense interposed a request for continuance so that motions could be filed, and in fact an omnibus pretrial motion was filed. Isn't that what happened here? Sure, but it ignores the entire context, which led up to that hearing. How can the Commonwealth—and we need to be very careful about the use of this terminology, because the Commonwealth does not include the court. The Commonwealth is the prosecution. The Commonwealth does not control, for example, the court administrator, who is an employee of the Supreme Court of Pennsylvania and who schedules these matters, or the judge who is a member of the Pennsylvania judiciary who perhaps directs the court administrator to schedule it. So how does this somehow implicate the responsibility of the Commonwealth? Because the Commonwealth, even if I—assuming arguendo that the Commonwealth does only encompass the prosecutor, because I'm not sure I want to concede that— Well, I was the district attorney of a county and a Pennsylvania common police court judge, so I don't expect you to rely on what I'm saying, but I'm pretty confident in the use of my terminology. Okay, and you're the court, so I'm not going to dispute it. But the question is, what did the prosecutor do to ensure that Mr. Gibbs could receive a fair trial within 120 days? What does he have to do other than have his case ready to go to trial? At very least inform the Commonwealth courts that this court had ordered them to retry within 120 days? That's not too much to ask. They never did that. The district court apparently never sent out notice to the court of common police, did it? I assume not. I assume not. But the order was directed at the Commonwealth. The district judge, in fact, recited the notice, went to the parties, but it never went to the court of common police, which it seems to me is something this court ought to look into and see the district courts throughout the Third Circuit are doing when there's a grant of habeas. That may well be so, but the fact is, is that it was the Commonwealth, the prosecutor, who was—which was ordered to retry Barry Gibbs. That created an obligation for them to do what it takes not only for them to be able to stand in court and say we're prepared to go to trial, which is a factual claim that we disputed in our application to the district court, and the district court never held an evidentiary hearing to determine the veracity of that claim. I don't understand your whole claim, because in habeas, you have to understand, people don't understand habeas. Habeas is that the person is being held lawful. I always read, oh, the conviction was reversed on the habeas. That's not true. The conviction stands. What gets—happens is the custody can no longer be under that conviction, but the conviction is still there. And the habeas court does not reverse the state conviction. It grants freedom, usually unconditionally. So, but usually conditionally, because it can retry it. Sometimes unconditionally, but that's never happened. Okay, so in this particular case, your client—you can argue your client should have gotten his freedom, and you can now argue that your client should have his freedom. But the problem is that your client isn't being held under the conviction or the proceedings that we addressed. Your client is being held because he was later convicted, and that conviction has been affirmed. So how can we possibly grant him a habeas because there's nothing wrong with those proceedings? Maybe they were too—maybe they should have been earlier, but there's nothing wrong with them, unless at least that's what the superior court says. So how can we do it? He's not being held by reason of the original conviction that there are habeas addressed. So isn't that the end of the case? I respectfully disagree. He is being held in violation of this court's decision in Gibbs v. Franklin. Suppose we said, release him unless he'll be trialed in 180 days. We set the time. Okay, 90 days later, he murders someone. Got nothing to do with the first case. Do you think he has to be released if they don't trial him within 180 days? No, but that's not this case. Yes, it is, because in this case, it's the same crime, but it's a different case that he was convicted, because he was convicted at a new trial. Most respectfully, that's not accurate. He was convicted at a new trial, but it was a different trial. But no, what's not accurate is that it doesn't make—that it's not a significant difference that it's the same crime. He was retried pursuant to this court's mandate, and this court's mandate said that his Fifth Amendment— put it to one side of the time frame. I hear what the court's saying on the time frame. Let's move to the substance of it. This court's mandate was that he had to be retried consistent with this court's decision in Gibbs v. Frank, and that didn't happen. And this court retains the jurisdiction under Mickens-Thomas to—as did the district court— to determine whether its mandate has been compliant with. You realize you're asking us to release a murderer when there isn't a bit of a challenge pending before us as to the validity of the— I know you mentioned it, but in fact, it's not before us. There isn't a bit of a challenge that we can consider that says that there's anything wrong with his conviction of murder. Boy, that's really heavy. But that's not—again, respectfully, that's not accurate. There is a problem with his conviction. You're raising the admission of evidence in Trial No. 3 that you believe would have been foreclosed by Gibbs 1, correct? Correct. That decision is encompassed within Gibbs v. Frank 1. That's the argument. Well, it certainly involved an issue regarding the admissibility of a psychological expert's testimony. I think you would have to concede that there are, at the very least, some substantial or a number of nuances in the issue presented this time from the issue that was presented in Gibbs 1. I don't agree. Same witness? That's the only difference. I'm asking you a question. That's at least a nuance in it. Well, but that's not a nuance in it. Selected as a witness by the same entity? By the same party? No. What I'm suggesting to you is I think you have an issue, and this is why I began with my question. I'm just not sure whether that issue comes up now or whether it comes up at some later time. Because if what you are pursuing is habeas, I have serious reservations here as to whether or not the claim has been exhausted in the state court system. On the other hand, if all we have is Mickens-Thomas review, then I think you're bound – and I realize you probably don't agree with this construction, but it seems to me, speaking only for myself, that then you are bound strictly to the 120-day issue because of the differences that I see in the evidentiary question presented in trial number three and trial number two. And we certainly are not – and the jurisprudence is clear on this – we cannot police the retrial in the state system of this matter. We can only look to see if our mandate has somehow been violated. And I got sidetracked from the answer I was giving to Your Honor at the beginning of my time. I see the red light. No, that's all right, because I know Judge Pollack has some questions, too. So the answer is that the way it has always been presented by me at the district court level and in this court is that the question is did – I'm forgetting about the 120 days, which was part of the district court's habeas order. Did the commonwealth ultimately comply with the mandate of this court that gave the commonwealth the opportunity to retry Barry Giggs but that it could not again violate his Fifth Amendment privilege by introducing statements he had made during a pretrial psychiatric examination? That's within – that's this court's mandate. And this court retains the jurisdiction without the need for a certificate of appealability to decide whether its mandate has been complied with. And the mandate wasn't limited to the time frame. That was part of it. The substance of the court's mandate was here's the constitutional violation. That was what was in the opinion. That's not what was contained within the mandate. I'm not sure I understand. The mandate is a formal document, I take it, but it reflects the court's decision of what the commonwealth can and can't do on remand. Well, was that issue raised in the superior court? It must have been raised in the superior court. The issue was raised in the superior court, but ultimately, the question of whether a federal court's mandate has been complied with is for a federal court. But I mean, the substantive evidentiary issue was raised in the superior court. The evidentiary issue of whether Dr. Treschetti should be permitted to testify? It was, and the superior court did not find error on a number of grounds, including Fifth Amendment. Then you have to seek out and exhaust the state remedies. Then you've got to go into the district court and do something along with that trial. But you can't just jump over the district court. If introducing Dr. Treschetti's testimony at trial was encompassed within the mandate of this court in Gibbs v. Frank 1, then there would not be a need to exhaust, because it's part, it's encompassed within the court's decision. If this court says, no, Gibbs v. Frank 1 does not encompass Dr. Treschetti's testimony, well, then yes, then it would have to be exhausted. But if it's within the mandate, within the court's decision, then there wouldn't be an exhaustion because it goes to whether the court's mandate has been fulfilled by the common law, whether they fulfilled that condition of the habeas order. But inasmuch as we didn't set the prime period, and the district court did, and the district court originally put a second prime period within which the trial was in fact held, and the district court was satisfied with that, because later on, it wouldn't take any action to upset the conviction, why can't we, why shouldn't we simply say, well, it was up to the district court, and the district court, in effect, modified its order over time. It didn't violate our mandate, because our mandate was the trial within the time the district court set. And that's, in fact, what happened, was the district court extended. For several reasons. Because we didn't set that on any date. At least two reasons. One, the time period, whether the trial took place within 120 days, whether that period was properly extended, is a separate issue from whether this court's mandate was complied with, whether the introduction of Dr. Treschetti's testimony complied with the court's opinion of Gibb versus Frank. Those are two entirely separate issues. That's one. I accept that. I want to talk about the time issue. Okay. So the second answer on the time issue is that Judge Kosick, having ordered the Commonwealth to retry Mr. Gibbs within 120 days, didn't have, couldn't simply disregard his order entirely. Well, suppose after 100 days they came back in and asked for an extension. Could we have granted it? Well, this is something which is discussed at length in our briefs in terms of the case law. But what they had to do was come in before the 120 days and ask for an extension, and they had the time. Even on March 7th, which is the day when defense counsel, over his client's objection, which was articulated in court, asked for a continuance, there was still time left in the 120 days for the Commonwealth to go back to Judge Kosick and say, listen, we need more time. We can't get this accomplished. And they didn't do that. And the case law, which is in our brief, makes it clear that that's exactly what they had to do. Again, there are rules and there are consequences, certainly for criminal defendants, and they apply to the government as well. I'm not clear what position you're taking with respect to the difference of view between Mr. Gibbs and his attorney. Is that regarded as a – is his attorney then contributing to an undercutting of this court's mandate, or is this simply descriptive of what happened? Would it be a basis for – one can guess that one could have another habeas application that relates to ineffective assistance of counsel or something of that sort. And the answer to that question goes back to something I touched on, I think, in response to Judge Smith, which is one can't divorce the request on March 7th by defense counsel for a continuance from the context that led up to it. The fact is that the Commonwealth, even viewed as the prosecutor, did nothing – did nothing to ensure that Barry Gibbs would be able to be tried within the timeframe set by the district court. What should the Commonwealth do other than have its case read? They should, A, inform the Commonwealth Court that an order has been issued by the federal court that a retrial is necessary, that an indigent defendant, a defendant who's been appointed counsel in the state court… But, in fact, the case was listed within the 120 days. Notwithstanding the failure of the district court to send notice to the court of common pleas, notwithstanding this obligation you suggest was on the Commonwealth for them to notify the court of common pleas, the matter was still listed for trial by the court of common pleas within the 120 days for retrial, which, more than coincidentally, happens to be the same period of time – 120 days – provided by Rule 600 of the Rules of Criminal Procedure upon retrial when a state court has reversed and sent it back. Sure, but Mr. Gibbs wasn't afforded a competent defense attorney until the Friday before the Monday trial. Now, whose obligation is it to appoint defense counsel, competent or otherwise? The Commonwealth of Pennsylvania. No, the court of common pleas. Well, then it comes down to – well, then the question becomes, obviously, the Commonwealth prosecutor viewed it as part of its obligation because it made an application to disqualify the public defender that had been appointed to represent Mr. Gibbs. So the Commonwealth viewed it as part of its obligation as well to ensure that Mr. Gibbs had conferred free counsel. So to say that – Good for them. Well, to say that it's simply the court's obligation, I don't – I don't respectfully – it's not – Well, when you can show me anything in Pennsylvania law or the Rules of Criminal Procedure that suggests that there is an obligation upon the district attorney's office or the attorney general to appoint counsel, I will be very, very interested to see it. They don't – well, this goes to the district court's conclusion that it was Mr. Gibbs who was responsible for the delay. The prosecutor can't appoint counsel, but he can act to make sure that that counsel is provided, that the courts know what they have to do. And the Commonwealth prosecutor did nothing. So for the district court to conclude as a factual matter that it was – and there's nothing in its opinion to support this – that it was Mr. Gibbs who was responsible for the delay is simply without basis. And the district court didn't even hold an evidentiary hearing to determine whether there was a factual basis for that determination. I think as the discussion has gone on, it seems to me to bring us back perhaps full circle to the question that Judge Smith started with, to identify what claim you're really making at this point. Is it a claim which addresses the question whether this court's mandate has been complied with, or is it a claim that says what's happened at this third trial is inconsistent with Mr. Gibbs' constitutional rights? And the answer is that the claim is that the court's mandate has not been complied with, which encompasses the question of whether the introduction of Dr. Treschetti's testimony is encompassed within the court's opinion. I'm not – it's not a separate hate case. The reason the certificate of appealability issue arose is because my understanding of the Commonwealth's position is that even to have this court review its mandate, there needs to be a second certificate of appealability. Well, that's wrong. That's wrong in Ehrmickens v. Thomas. This court can decide whether its mandate was complied with without an additional certificate of appealability. And the fact that the trial did not take place within 120 days, is part of your claim that this court's mandate was not complied with? Correct. There are two separate claims. And in fact, what was presented to the district court, they were presented separately. Because when I first applied to the district court for Mr. Gibbs' release because the Commonwealth had failed to try him for 120 days, the initial application was limited to that issue because Mr. Gibbs hadn't been retried yet. It was only after Mr. Gibbs was retried and the Commonwealth introduced Dr. Treschetti's testimony that the application was supplemented to say not only did the Commonwealth comply with the 120 days, but it also flagrantly violated the court's opinion by introducing the exact same type of testimony at the retrial. So there's two different issues. There's the 120 days and the substance of what the Commonwealth did didn't comply with that part of the court's mandate. All right. We'll have you back on the button. Thank you. Is it Mr. Carusone? Carusone. Thank you. May it please the court, Chris Carusone from the Attorney General's Office representing the Commonwealth. I believe the oral argument was started by questions from Your Honor, Judge Smith, as to is this effectively a new habeas petition or is this a Niggins-Thomas situation? I think this is a new habeas petition that's masked as a Niggins-Thomas situation. For the life of me, I can't figure out why Petitioner's Counsel doesn't want to go that route because without expressing any view on the ultimate merits of the Fifth Amendment issue here, there does seem to be such an issue. Whether you think that the appeal could constitute a COA here or not, and conflating that with the 120-day issue, which again, speaking only for myself, seems to be a non-starter, is something I don't understand. I think it's a question of time and it's just faster to come up here than to finish the process through the state courts and then file another habeas petition and then proceed through the district court again. It's just a question of they want relief now, they don't want to go through the exhaustion process. On that point, to be clear, the district court did not have before it the appeal before the Superior Court at the time it acted on the enforcement of the 120-day motion, correct? Exactly right. To that extent, it could be said that there has not been exhaustion, there could not be exhaustion of the Fifth Amendment issue, the admission of the psychologist's testimony, because the Superior Court appeal had not yet been ruled upon. That's correct. And even as we stand here today, the state appellate process is continuing. What about Rule 218? Doesn't that effectively render the Superior Court's decision final for purposes of exhaustion? I understand that rule. Are we okay with the promulgation of 218 and our court then later recognizing that rule, that there is not a need to go the Alicante route in Pennsylvania? But they actually have, though, and it's actually been filed and it's actually pending. So they've taken advantage of that route and it's currently pending. And I would say that in reading and having handled the Superior Court litigation and handling the state appellate litigation, this Fifth Amendment claim is the centerpiece of their appeal. It is the absolute centerpiece of their appeal. What's your response to your adversary's suggestion that this is the exact same evidentiary issue presented before us? I strongly disagree. What are the differences? There's some key differences. I mean, it's not just a difference that we have different names of doctors, as Mike pointed out. Well, not different names. They were actually different people sought by different parties to testify. Exactly right. One was Dr. Sayoff, which his testimony was the subject of the last appeal, was a state-selected doctor and Gibbs was compelled to speak with him. It was a question of compulsion and it obviously raised the Fifth Amendment issue. In this particular case, and I would point the court to some of the findings made by the Superior Court, Dr. Turchetti wasn't even really a court-appointed defense mental health expert. He was actually retained by the defense and they simply applied to the court so that they could get him paid. I mean, there's absolutely no compulsion here when it came to Dr. Turchetti and statements made by him. It's a fundamentally different claim than the claim that was in front of the court. If it's not a question of a continuation of the first proceeding, then wouldn't we run into an epidemic, I guess you'd say, behavioral problem because of the deference this case was filing after 1996 to the state courts? Right, you would have to afford, as you know, deference to, at this point, the Superior Court's opinion and ask whether the federal law has been unreasonably applied or if it's contrary. Doesn't that have to be done, which couldn't be done, if it was a district court ruling for the Superior Court? Doesn't that have to be done first by the district court? You're absolutely right. I didn't think of that, but that's right. They haven't even passed on it yet because they didn't have the opinion at that time. So, I mean, it seems a little irregular. And we're working without really the full record that we normally would have on a habeas case. Do we have in the record Turchetti's testimony? I don't believe, no, it's not. How about his initial report? Is that in the record? No, it's not. Those are part of the trial record of the third trial, and we don't have that here. Now, he's complaining. You must have heard us raise the question. He's saying, well, a habeas court's in persona. It has to be. It just releases somebody. You're not acquitting, but I've seen it all the time. You've got to quit it on a habeas. It's not sure. He's released. Okay. But the fact of the matter is that he has been released. Yes. I agree. I absolutely agree. I don't think I could say it any better. I agree, and I think this is an example. What he's asking this court to do and the district court to do is basically assert federal jurisdiction over that retrial and to stop the state process midway and interfere with it. And the bottom line, as you said, is it's a Pechette's case. I mean, the bottom line is that he's being held pursuant to a judgment that has not been held by this court to be constitutionally affirmed. So there would really be no authority to exercise jurisdiction over that new judgment. Absent exhaustion, a new federal habeas petition and a full review in the district court. So it isn't a complete answer to the case in the habeas. You've got to be in custody and that he's not in custody because while the mayor may not have been a violation of our mandate and maybe he's entitled to relief by reason of a violation of the mandate, he can't get it anymore because he's in custody because of a different conviction. Exactly right. Exactly right. You're right. Do you know of any case counsel argues, usually you say, well, it's prejudice because witnesses disappear. But in this case, the prejudice is that witnesses appear. Yeah. And yeah, I haven't. I haven't seen in looking at the cases and I cited the cases in my brief of the other circuits where the district courts excused sure compliance with time periods that they had originally set and looked for any reference to an inquiry as to prejudice and I didn't see it. But even if we look at the prejudice question here, Mr. Gibbs actually benefited greatly by this delay. He wasn't prejudiced. He benefited greatly. Not only did he have the benefit of fully prepared counsel by the time he went to trial in June, he was able to file a slew of motions preserving a number of issues for appeal that he would have waived if he had gone to trial in March. He was able to apply for and obtain funds to hire an expert all during that delay process. He was able to get the original trial judge disqualified and a new judge appointed. All of this accomplished during this delay period that he's claiming he was prejudiced. Mr. Burman has said, as I understood it, that Dr. Chiricetti would not have been available to the state if the trial had taken place within 120 days. If that's so, it's hard to see that the delay beyond 120 days was greatly to his advantage. Well, I dispute that factual assertion that he made in the first instance. First of all, I think it goes to the question of whether or not the Commonwealth was prepared for trial in March. What's the record showing? Well, we have a state court opinion in this record that was followed a hearing on this question in state court. And that state court opinion in the record, and this would be document 39-2, page 33 and 34, indicates a finding by the state court that the Commonwealth was ready. And that's entitled to a presumption of correctness. Now, the statements that these allegations of prejudice and that Dr. Chiricetti really couldn't have made it in time for the March trial, there's no record support for that at all. It's contrary to the factual finding made by the state courts that the Commonwealth was ready. And the bottom line is we would have gotten this, you know, if the trial had been scheduled for March, we would have gotten this deposition before March. But then when it got postponed, you didn't have to get it right away. Well, I also point this court's attention to an affidavit, which is document 58 in the record, from Agent Minkavage, who indicates that the Commonwealth alerted Dr. Chiricetti on February 4, 2005, of the need for his testimony, well before the trial date. So I believe the evidence that we do have of record clearly suggests that the Commonwealth would have been in a position to present his testimony during the trial had it been held in March. Mr. Berman tries to draw a distinction between Mr. Gibbs and his lawyers. And I think he wants to have his cake and eat it too, where Mr. Gibbs really didn't want a continuous, but his lawyers did. I mean, the bottom line is he's acting through his counsel. His counsel felt that the most important way to go would be to get a continuous so that they can get themselves prepared. And to say that while Mr. Gibbs disagreed with his lawyers, I think in the end we have to hold Mr. Gibbs accountable to the actions of his attorney. There's also an important point that the district court made, I thought, in extremely strong language. And that is, is that Mr. Gibbs was the primary party responsible for this delay. Under the state rules, it goes without saying, this is a trial conducted following the issuance in order of this court first and then the district court. But under the state rules, and in my day it was rule 1100, I guess it's rule 600 now. Was Mr. Gibbs ultimately tried within 120 days, pursuant to state rules? Yes. Because he made the motion, he filed, again, under creature of state procedural rules, an omnibus pretrial motion. Isn't the Commonwealth then entitled to an exclusion? Doesn't it stop the clock for purposes of that 120 days? You're absolutely right. So we have the oddity here of a federal order saying, try within 120 days. But once you get back and are acting pursuant to these state procedural rules, that would be the effect. That really would be. You're right. There's two instances where... Was that in the brief at the point that Smith just raised? About rule 600. No, not in... Because I couldn't remember that when he said it. So your argument then is, well, he was tried within 120 days. Yeah, under state law. Under state law. Yeah, under state law he would have been because... But the federal order didn't say whether it was 120 calendar days or 120 days as calculated by a state court. That's true. And I am correct, am I not, that interestingly the 120 days selected by the district judge mirrors the period of time that the Commonwealth has upon remand from the state appellate system to retrial? Exactly. In fact, we have the benefit of the district court saying in its opinion that it had in fact relied on rule 600. I had forgotten that. Yeah. And really frankly, there's always been, and this continues in a number of cases, there always seems to be a little bit of a problem when we get a conditional writ back that sets an artificial time period. Many times it is based on state law, but it doesn't take into account the tolling provisions that are applicable in state law. And so the state courts are faced with this problem of, well, do we follow the state rules, including the rules that govern excluding certain time for defense continuances, or do we follow this 120-day flat rule that we're getting out of the federal courts? And it would be, if I may be so bold, it would be easier if these conditional writs simply said to be tried in accordance with the time period established by state law. Well, presumably, though, you would argue Pitchess v. Davis at least the import of that and say that we're trying within 120 days under our state rules, and the federal court does not have the authority to supervise this trial. Exactly. It's violated the principles of federalism in common. Exactly. And in picking up on Judge Greenberg's point, I mean, one key factor here that makes this fairly easy is that while this application for release was pending, Gibbs was retried, was retried without using the constitutionally infirm evidence. And so at that moment, really the purpose behind the conditional writ had been satisfied, and he was no longer, as you said, being held on an unconstitutional judgment but on a new judgment, the practice of which has not yet been exhausted in the state courts. Thank you. Mr. Berlin, rebuttal? Just a couple of points, a few points. Judge Smith tried to scroll down quickly. Petitioner's counsel doesn't want to go that route. I take it I'm not making myself clear, but just to state categorically, this is a Mickens-Thomas case because I'm challenging the Commonwealth's compliance with the courts. Only if we can determine, as you have, that this mandate is broad, and that is that it goes beyond merely a directive to retry and a directive to retry within a definite period of time, which was essentially a specified time period, which was the terminology of this court, or to expand it to the terminology of the district court within 120 days, we have to accept your position that the mandate extended to the evidentiary issue and absolute preclusion of evidence, which in my view is similar and not exactly, as you would characterize it, to what was found to be constitutionally infirm in Gibbs 1 by Judge Churchill. So let me address both those points. If the way the courts presented it were, I think, the correct characterization, then in Mickens v. Thomas you'd have the same discussion. You'd say, well, even though in Mickens v. Thomas 1 we held that the parole board violated the ex post facto rules, because the parole board took another look at it, we no longer have jurisdiction. But that's not what Mickens v. Thomas 2 did. They said, did the parole board do what we told them to do substantively in our opinion? And ultimately the court determined that they had not. And having given the parole board a second bite of the apple, they said enough's enough, and they issued an unconditional order the second time around, which is why Judge Greenberg's conception of, well, it's a continuation, is it a continuation of the same proceeding? Well, the same thing is true in Mickens v. Thomas. It was a new parole board proceeding, but it related to the court's mandate. It's not that the retrial of Gibbs wasn't – obviously it was a new trial, but it relates – or it doesn't relate if the court decides, but it relates – it existed only because this court ordered the Commonwealth of Pennsylvania to retry him. And the question is, in doing so, did the Commonwealth do what Judge Chernoff, Judge McKee, Judge Nygaard on behalf of the entire court told them to do in Gibbs v. Frank 1? With respect to the court's question, what's the record on whether the Commonwealth was prepared to go to trial, the answer is the record is, what I said earlier, that the attorney stood up and said we're ready to go, and telling them that fact is Mr. Carusone's response, which is, well, if we had to go to trial sooner, we would have gotten Dr. Treschetti's deposition testimony sooner. Well, that can't be the case. The trial was scheduled for March 7th. It was on March 4th that this issue came to the head of who was going to be Gibbs' attorney, and the court, only on a Friday before the Monday, the court appoints Mr. Bugaj, an unconflicted attorney, to represent him and gives him the weekend to prepare for a trial where in the first trial the guy had gotten the death penalty. So a serious, serious case. And throughout the weekend, the Commonwealth knew that the case was going to trial on Monday, and it was only Monday morning that defense counsel said, listen, I can't prepare a murder trial on a two-day weekend. But the Commonwealth's position is we were ready to go to trial. Well, were they getting Dr. Treschetti's deposition testimony videotaped that weekend? Of course they weren't. They weren't prepared with Dr. Treschetti's testimony. But aren't you asking us to find that there is no support for what is effectively a final effect by the state court that the Commonwealth was ready? What I'm saying is, and I'm not so sure that's what the state, the question that was presented to the state court, but what I'm saying is that it's not for the state court to decide whether this court's mandate has been complied with. It's up to this court to decide and for the district court to decide. And if one looks at the district court transcript, I beg Judge Kosick that these issues were disputed, whether ultimately they're determined for me or against me. And very least there should have been a hearing to determine was Gibbs prejudiced? Was this evidence available? Was the prosecutor really prepared to go to trial or was he not? And I see that I have a reply. I think we understand. We went well beyond the red light during your initial presentation. I think we understand your position. We thank both of counsel. They've been helpful arguments, and it's an interesting case. And we'll take it under advisement. We'll ask the clerk to close the case. Ms. Bryant, this court stands adjourned until Monday, July 9th at 10 a.m. Thank you.